**KINNAMAN, Plaintiff-Appellant, v. TODD, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25185.   Decided May 25, 1960.

Dachman & Dachman, for plaintiff-appellant.
George Pillersdorf, for defendant-appellee.

(DOYLE, PJ, HUNSICKER, J, of the Ninth District, GRIFFITH, PJ, of the Seventh District, sitting by designation in the Eighth District.)

**OPINION**

By HUNSICKER, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County, Ohio, granting to James L. Todd, the appellee, the right to withdraw an answer theretofore filed in the action and to permit appellee Todd to file a demurrer to the petition of appellant, Mildred N. Kinnaman.

A motion has been interposed herein by appellee Todd asking that the appeal be dismissed because no final appealable order had been entered by the trial court. This court will proceed to discuss the motion and appeal as though the matter is presented on the merits of the claim.

Mildred N. Kinnaman filed her action against James L. Todd, as an individual, alleging in the petition that she held a cognovit note signed by one Ada L. Todd, now deceased, and that James L. Todd was

the executor named in her will. Judgment against James L. Todd "as executor of the estate of said Ada L. Todd, deceased" is prayed for. James L. Todd, as an individual, was served with summons.

To this petition, James L. Todd filed, on August 6, 1959, an answer by way of general denial. On December 18, 1959, James L. Todd, by written motion, asked the court for leave to withdraw this answer. On February 10, 1960, the motion for leave to withdraw the answer was granted. It is this order entered February 10, 1960, that forms the basis for the appeal to this court. After the withdrawal of the answer and the filing of the notice of appeal, a demurrer to the petition was filed by James L. Todd.

The chief question raised by this action of the trial court involved the right of the trial court to permit a litigant to withdraw a pleading already filed.

There is very little authority in Ohio on this subject but as a general rule the question of the withdrawal of pleadings is addressed to the sound discretion of the trial judge. In the absence of a showing of an abuse of discretion, it is presumed that the judge who ordered the withdrawal of a pleading did so upon good and sufficient grounds. There is nothing shown herein, either by the bill of exceptions or from the transcript of docket and journal entries, to indicate an abuse of discretion on the part of the judge who entered the order now sought to be appealed.

In **Hosterman, Jr., Trustee, v. Bank & Tr. Co.,** 79 Oh Ap 37, the court said:

"In the exercise of sound discretion, a trial court may grant leave to the defendant to withdraw his answer and file an amended answer setting up the statute of limitations as a bar to the plaintiff's action."

The statement of the rule as set out in the case of Hosterman, Jr., Trustee, v. Bank & Tr. Co., etc., supra, is the general rule as set out in 71 C. J. S., Pleadings, paragraph 419, page 852 et seq, and authorities there cited. This rule has also been pronounced in **Hawke v. Noyes,** 62 **Oh Ap** 186 at page 191, where the court said: "Whether a pleading may be withdrawn rests in the sound discretion of the court." See also, 41 Amer, Jur., Pleading, paragraph 318-319, page 511, et seq, and authorities there cited.

It is thus apparent from the authorities that the trial judge, in the exercise of a sound discretion, had the power, before a trial of the issues, to permit the appellee Todd to withdraw his general denial theretofore filed in the action. The appellant Kinnaman, not having shown an abuse of discretion on the part of the trial judge, the order of the court was not an appealable final order and the appeal herein must be dismissed.

As an additional reason why this appeal must be dismissed is the fact that the order as made by the trial judge did not in any way meet the definition of a final order as contained in §2505.02 **R. C.**

Appeal dismissed.

Exceptions. Order see journal.

DOYLE, PJ, and GRIFFITH, PJ, concur.